[Cite as *In re T.L.H.*, 2011-Ohio-692.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| IN THE MATTER OF: | : | JUDGES: |
|  | : | Sheila G. Farmer, P.J. |
|  | : | Julie A. Edwards, J. |
| T.L.H. (DOB 11/04/1999) | : | Patricia A. Delaney, J. |
|  | : |  |
| E.N.K. (DOB 09/04/2002) | : | Case No. 2010CA00255 |
|  | : |  |
| S.L.K. (DOB 07/11/2006) | : |  |
|  | : | O P I N I O N |
| MINOR CHILD(REN) |  |  |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil Appeal from Stark County Court of Common, Juvenile Division, Pleas Case No. 2008JCV 01341 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | February 14, 2011 |
| APPEARANCES: | |

For Plaintiff-Appellee

LISA A. LOUY
Legal Counsel
Stark County Department of
Job & Family Services
300 Market Avenue North
Canton, Ohio 44702

For Defendant-Appellant

MARY WARLOP
116 Central Plaza, South
Suite 500
Canton, Ohio 44702

*Edwards, J.*

{¶1} Appellant, Lashaun Hudson, appeals a judgment of the Stark County Common Pleas Court, Juvenile Division, awarding permanent custody of her children T.L.H.(DOB 11/14/1999), E.N.K. (DOB 9/4/2002) and S.L.K. (DOB 7/11/2006) to appellee Stark County Department of Job and Family Services (SCDJFC).

STATEMENT OF FACTS AND CASE

{¶2} Appellee filed a complaint on November 25, 2008, alleging that appellant's three children who are the subject of this appeal were dependent and/or neglected, and seeking temporary custody of the children.[1] Eric King is the natural father of E.N..K. and S.L.K. Darren Newman is the natural father of T.L.H. The concerns of the agency were substance abuse, homelessness and domestic violence. Appellant and the children were residing with a relative, but were placed in a homeless shelter after the relative was evicted from her home. Appellant failed to follow the rules of the shelter and was kicked out of the shelter. Appellee could not place her in another shelter due to her history of problems in shelters and her drug use, and appellee therefore filed the complaint seeking temporary custody of the children.

{¶3} At a shelter care hearing, the court ordered the children into the emergency custody of appellee. On February 5, 2009, the parents stipulated to dependency and the children were ordered to remain in the temporary custody of DHS.

{¶4} Appellant's case plan required her to complete a parenting evaluation, participate in Goodwill parenting services, attend counseling, obtain and maintain housing and employment, initiate services with MR/DD, participate in services at Renew

---

[1] A fourth child, A.K., was born March 23, 2009, and is the subject of a separate trial court and appellate case.

to address domestic violence issues, receive a drug and alcohol assessment at Quest and cooperate with CSEA in establishing paternity for T.L.H.

{¶5} Case plan services for Eric King and Darren Newman included parenting evaluations and drug and alcohol assessments.

{¶6} All three parents failed to substantially complete their case plan services. Further, appellant stopped participating in visitation with the children in September, 2009, and both Eric King and Darren Newman stopped visiting the children in August, 2009.

{¶7} On October 23, 2009, appellee filed a motion seeking permanent custody of the children. On January 5, 2010, the court held a hearing on the motion. Following the hearing the court found that the children could not be placed with either parent within a reasonable time pursuant to R.C. 2151.414(E).

{¶8} The court held a hearing on June 24, 2010, concerning whether permanent custody was in the best interest of the children. At the hearing, the caseworker for the family testified that while the children had a strong bond with appellant, she felt that permanent custody was in the best interest of the children. The children were doing well in the foster home, which was a potential adoptive placement. Further, the agency investigated potential relative placements but none were found to be suitable and willing to take the children.

{¶9} On July 13, 2010, the court filed Findings of Fact and Conclusions of Law finding permanent custody to be in the best interest of the children. On August 17, 2010, the court awarded permanent custody of the children to appellee. Appellant assigns a single error on appeal:

{¶10} "THE TRIAL COURT ERRED IN GRANTING PERMANENT CUSTODY TO THE STARK COUNTY DEPARTMENT OF JOB AND FAMILY SERVICES (SCDJFS) AS SCDJFS FAILED TO SHOW BY CLEAR AND CONVINCING EVIDENCE THAT IT IS IN THE BEST INTEREST OF THE MINOR CHILDREN TO GRANT PERMANENT CUSTODY."

{¶11} A trial court's decision to grant permanent custody of a child must be supported by clear and convincing evidence. The Ohio Supreme Court has defined "clear and convincing evidence" as "[t]he measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty, as required beyond a reasonable doubt, as in criminal cases." *Cross v. Ledford* (1954), 161 Ohio St. 469, 120 N.E.2d 118; *In re: Adoption of Holcomb* (1985), 18 Ohio St.3d 361, 481 N.E.2d 613.

{¶12} In reviewing whether the trial court based its decision upon clear and convincing evidence, "a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *State v. Schiebel* (1990), 55 Ohio St.3d 71, 74, 564 N.E.2d 54, 60; See also, *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 376 N.E.2d 578. If the trial court's judgment is "supported by some competent, credible evidence going to all the essential elements of the case," a reviewing court may not reverse that judgment. *Schiebel,* 55 Ohio St.3d at 74, 564 N.E.2d 54.

{¶13} Moreover, "an appellate court should not substitute its judgment for that of the trial court when there exists competent and credible evidence supporting the

findings of fact and conclusion of law." *Id.* Issues relating to the credibility of witnesses and the weight to be given the evidence are primarily for the trier of fact. As the court explained in *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 80, 461 N.E.2d 1273:

{¶14} "The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony."

{¶15} Moreover, deferring to the trial court on matters of credibility is "crucial in a child custody case, where there may be much evident in the parties' demeanor and attitude that does not translate to the record well." *Davis v. Flickinger* (1997), 77 Ohio St.3d 415, 419, 674 N.E.2d 1159; see, also, *In re: Christian,* Athens App. No. 04CA10, 2004-Ohio-3146; *In re: C. W.,* Montgomery App. No. 20140, 2004-Ohio-2040.

{¶16} Pursuant to 2151.414(B)(1), the court may grant permanent custody of a child to the movant if the court determines "that it is in the best interest of the child to grant permanent custody to the agency that filed the motion for permanent custody and that any of the following apply:

{¶17} "(a) The child is not abandoned or orphaned, has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period, ... and the child cannot be placed with either of the child's parents within a reasonable period of time or should not be placed with the child's parents. * * *

{¶18} In determining the best interest of the child at a permanent custody hearing, R.C. 2151.414(D) mandates the trial court must consider all relevant factors, including, but not limited to, the following: (1) the interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child; (2) the wishes of the child as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child; (3) the custodial history of the child; and (4) the child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody.

{¶19} Appellant does not challenge the court's finding that the children cannot be placed with her within a reasonable time, but only challenges the court's finding that permanent custody is in the best interest of the children.

{¶20} At the best interest hearing, Taranna Francisco, the caseworker for the family, testified that all the children are placed together in the same foster home and the foster parents have expressed a desire to adopt the children. She testified that the children are bonding with the foster parents and the extended family of the foster parents. The children are engaging in extracurricular activities and sports at school, and are in counseling to address behavioral and adjustment issues. The foster parents are working with the school to address the needs of the children. She testified that there were no suitable relatives able or willing to take the children. She testified that while the children do have a strong bond with their parents, the long-term stability gained through a permanent home would outweigh the consequences of severing that

bond. She testified that the children needed a safe and stable home in which their needs can be met on a daily, ongoing basis.

{¶21} The court's finding that permanent custody is in the best interest of the children despite the strong bond they shared with appellant is supported by clear and convincing evidence.

{¶22} Appellant argues the court should have continued temporary custody for six more months. However, appellant has not challenged the court's finding that the children could not be placed with her within a reasonable time. The record does not demonstrate that it would be in the children's best interests to spend six more months in temporary foster care. She further argues that T.L.H. should have been placed with Darren Newman. Newman is not a party to this appeal. Further, the evidence presented in the first portion of the bifurcated hearing demonstrated that he had been convicted of involuntary manslaughter at the age of 17 for killing his brother in self-defense and had a domestic violence conviction for leaving marks on his child through physical punishment. His parenting evaluation demonstrated that he was cannabis dependent and suffered from post traumatic stress disorder. He failed to attend counseling, tested positive for marijuana, didn't follow through with drug treatment and failed to submit urine screens. The court accordingly found, based on this evidence, that T.L.H. could not be placed with Newman within a reasonable time. Therefore, it would not be in T.L.H.'s best interest to be placed with Newman.

{¶23} The assignment of error is overruled.

{¶24} The judgment of the Stark County Common Pleas Court, Juvenile Division, is affirmed.

By: Edwards, J.

Farmer, P.J. and

Delaney, J. concur

_____

_____

_____

JUDGES

JAE/r0121

[Cite as *In re T.L.H.*, 2011-Ohio-692.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IN THE MATTER OF: | : | |
| | : | |
| T.L.H. (DOB 11/04/1999) | : | |
| | : | |
| E.N.K. (DOB 09/04/2002) | : | |
| | : | |
| S.L.K. (DOB 07/11/2006) | : | |
| | : | |
| MINOR CHILD(REN) | : | JUDGMENT ENTRY |
| | : | |
| | : | |
| | : | |
| | : | CASE NO. 2010CA00255 |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas, Juvenile Division, is affirmed. Costs assessed to appellant.

_____

_____

_____

JUDGES